this past dramatic. Judge Hall, are you with us? Indeed. Thank you. May it please the Court, my name is Kevin Kelbel. I represent the appellant Robert J. Hunt. On July 16, 2001, Mr. Hunt accepted the defendant's offer of judgment for $65,000 plus all taxable costs approved to date. He anticipated that would put an end to this litigation, but instead it spawned a new litigation around what is the meaning of plus all taxable costs. There have been three opinions on that, Mr. Hunt's opinion, Everett and Bishop's opinion, and the district court's opinion. The district court concluded that plus all taxable costs really means including all taxable costs. Everett and Bishop say that what they meant by plus all taxable costs is plus all taxable costs except for attorney's fees. Now, Mr. Hunt thought plus all taxable costs meant plus all taxable costs, and those costs include attorney's fees. And he relied on Marek v. Chesney and Erdman v. Cochise County to reach that conclusion. Are we supposed to consider the extrinsic evidence about what the parties actually had in mind? Rule 68 is interpreted under contract principles, but with respect to so if it's you don't look beyond the plain meaning of what's in the offer of judgment. And $65,000 plus all taxable costs is, in my opinion, pretty unambiguous. It means all taxable costs. If it is ambiguous, then under Erdman v. Cochise County, those ambiguities get construed against Everett and Bishop. If it's subject to more than one interpretation, then the plaintiff's interpretation should prevail. So there is no need under Rule 68 to look to the record or the extrinsic evidence. I mean, it's contrary to the policy in Marek v. Chesney to say that. Your belief is that then when you get an offer like this under Rule 68, it's automatic that attorney's fees will be included? No, sir. It only includes attorney's fees when the underlying substantive statute defines attorney's fees as taxable costs. That's discretionary in this situation, isn't it? Not exactly. I think Rule 68 alters the discretionary nature of Section 505. Because even in Marek v. Chesney, the underlying statute gave the court discretion to award attorney's fees, but because costs are mandatory under Rule 68, Marek says if costs are mandatory, you have to award all the costs. But what you're suggesting, then, is that if the substantive statute has fees as discretionary, but there's a Rule 68 offer, it somehow converts what is otherwise discretionary into something that's mandatory. And how can that possibly be as a substantive matter? Well, because I believe that's what Marek v. Chesney says. I'm going to be clear. I don't think it takes the discretion away from the court to determine what reasonable fees are. But if it says zero. If the court had said in my discretion I say it's zero, then I think we'd be in a different posture. But what the court said is we just simply weren't entitled to them because Hunt was not the prevailing party. Well, that, that, speaking only for myself, that does strike me as being an erroneous statement. But I'm not sure what follows from that. One possibility is that what follows from that is to determine whether we can tell that the judge would have denied all costs anyway had there been discretion. And a second possibility is to remand it, to tell the judge you do have discretion  Please exercise it. But why would we, in the first instance, ever exercise our discretion? Well, because the exercise of discretion in a copyright case is to apply the Fogarty factors and determine what are reasonable fees. But you only have to go through that process if there's a dispute over what the reasonable fees are. There's been no objection to the reasonableness of Hunt's fees. There hasn't been. And under Henry Campione, this Court says that But if there's discretion whether to award fees, then that still doesn't answer the question. Well, I don't think there is discretion. I think the Court has to award fees. The only discretion is to determine what are reasonable fees. But if there's no debate over the reasonableness of the fees between the parties, why would the Court go through the exercise of doing that? The only point, I mean, if they say our fees are reasonable, why would the Court I don't think it's necessary to remand it to the district court to decide what's reasonable when there's no dispute about the reasonableness of the fees. It's not But I think the question is, did the district court say that no fee was reasonable? No. The district court At the end of what the district court said, now, he did go through and talk about Campione and Carter. There may have been an error. But at the end, he said simply he was not going to exercise his discretion to award fees. Well, he didn't quite get to that. There were two errors. Well, the Court did say the Court exercises its discretion and declines to award fees. So isn't that an alternative holding? I guess that's what Judge Nelson is getting at here. Except for that there is no explanation to support that exercise of discretion. He lists the poverty factors, never applies them, and he says because Hunt's not the prevailing party, I exercise my discretion. And the other part is he says he's termed it $65,000 plus all taxable costs. I mean, including all taxable costs, because he says that's what I think they meant by that. So he didn't award any costs, not even the other costs that the defendants did, you know, the deposition costs, filing fees. He awarded no costs. And that's plainly wrong. He does not have the discretion to award no costs under Rule 68, which is what he did. He declined to award. It wasn't just attorney's fees he didn't award. He didn't award any costs. That's plainly wrong. I believe Mr. Hunt's interpretation of the plus all taxable costs is correct under Merrick v. Chesney and Erdman v. Cochise County. And Erdman v. Cochise County is almost on all fours with this case. They sent an offer of judgment that said including all costs, and the underlying statute included attorney's fees. They said we inarticulately drafted. We didn't mean to include attorney's fees. And this Court said you bear the liability for not mentioning attorney's fees in the offer of judgment. That's what happened here. There's nothing in the offer of judgment about attorney's fees when the underlying substantive statute includes them as costs. They have to be included in the judgment. The defendant's approach to this is to say that even if they're included as taxable costs, Mr. Hunt's not entitled to them because under 505, the fees are limited by section 412, which says you're not entitled to attorney's fees if the infringement commenced prior to the date of copyright registration. The problem with their analysis is we don't know when they commenced infringement. For the first seven and a half years of this litigation, they denied they had infringed at all. It was only after we accepted their offer of judgment that they cross-claimed against the co-defendant and said, well, you committed professional negligence by copying Mr. Hunt's copyrighted design. So it's for seven and a half years we infringe, and then it's, well, if we did infringe, it commenced before the copyright registration. And they do that by trying to tack on their infringing act, which was the construction of the building. Do you think the filing of a cross-claim is an admission of liability? Absolutely. In other words, the cross-claim says if we are liable to the plaintiff, you are liable to us. No, it does not, Your Honor, because by the time they filed the cross-claims, we had settled. It says you are liable to us. If they say to Mr. Hunt, your claims are frivolous and meritless, and there's no basis for liability, for them to turn around and cross-claim against Mr. Pasternak on the exact same set of facts, it's either a violation of Rule 11 or it's an admission that they committed infringement, because the case is over. I thought that the judge held that there was no contest that an alleged infringement was commenced before copyright work was registered. He held that with respect to the Pasternak defendant, because he was the architect. He created the plans, and there's no dispute that those commenced prior to copyright registration. But what we're alleging was Everett and Bishop's separate infringing act was the construction of the building from those plans, and there's no dispute that the construction commenced actually after the litigation ensued. So it's a question of fact. I mean, they're trying now to say, well, you know, for all these years they denied having any participation in the infringing act of preparing the plans, and now they say, well, we're going to tack our building infringement onto the plans. But they have to repudiate all the affidavits they filed in this case denying that they participated in the preparation of the infringing plans in order to tack on to the prior act and claim that it's the same act. Are you saying that there are two acts of infringement, one when they looked at the plans and then a separate act of infringement when they started to build the building? Yes, Your Honor. I'm saying that Mr. Pasternak infringed Mr. Hunt's copyright by creating a building plan based on Mr. Hunt's design, and Everett and Bishop committed a separate infringing act by actually building the building. What do you rely on for that? Well, it's – I can't tell you the cases off the top of my head because that wasn't part of our briefing on this issue, but there's cases that say when there's separate actors and separate acts, that those can be separate infringing acts. And I'm also relying on Everett and Bishop's own testimony that they did participate in the infringing plans. I don't know how to get around that. I see only four seconds. Three, two, one. Thank you. Thank you, counsel. Good morning, judges of the panel. My name is Kimball Corson, and I represent the appellees. We have filed a supplement in regard to authority citing two federal cases for the proposition that in a case like this where a judgment was entered and benefits have been received under that judgment, that is we paid the judgment sum, we paid taxable costs to the other side, that a reversal and a remand for trial cannot occur because it requires too much to be undone, and it constitutes a waiver on the part of the appellant as well. Turning to the argument. Let me ask you. It seems to me that under the Ninth Circuit's precedence the appellant was the prevailing party and that the district court was wrong in saying that he was not the prevailing party. And I want you to assume for the purpose of my question that that's correct, even though you may not agree with it. If there is that kind of error, what should we do next? What should flow from that? Conceivably you could remand for a clarification of the lower court's order in this regard. I think that would be my first answer. It wouldn't be a question of reversing the judgment and remanding for trial. It would be a question of remanding for clarification of the court's order. I would add, though, that in regard to the premise, the Fogarty case makes it absolutely clear that you do not need to be the prevailing party. It says under Fogarty, fees may be denied to a successful party and, indeed, awarded to the party against whom judgment is being entered, if the policy and purposes are not correct. Yes. I'm not quarreling, I think, for the moment with the proposition that the district court had the discretion to deny fees even to a prevailing party. Yes. But I'm not certain that we can tell from the order for sure that had the district court thought of Hunt as the prevailing party, that the court would have continued to exercise its discretion in that manner. I think the court did consider the point of view of who is the prevailing party. I mean, we go through ten years of litigation to wind up with a $65,000 or dying of attrition judgment. That's hardly prevailing in the sense of a triumphant victory earlier on into the case. And I think the court's view was that, given the travails that the court had been put through, as well as the parties, on a case that was viewed to be worth no more than $35,000, that Hunt was not the prevailing party. The fact that everybody threw some money at him at the end to get rid of the case and make it go away because of the number of years involved doesn't mean he prevailed. It means everybody died of exhaustion. Well, is your view consistent with Buchanan and Barrios? I'm sorry. I didn't hear you. Is your position on who is the prevailing party consistent with Barrios' decision? I think the position is consistent with this court's decision in Seabrook. It's consistent with the Supreme Court and this court's decisions in Fogarty. Prevailing party has a whole set of criteria that need to be looked to. And the fact that you get a small judgment after ten years of litigation doesn't mean you're the prevailing party. I think Fogarty puts the trump card even harder to that and says that even if you are the party against whom judgment is being entered, even you can still get an award of fees under the Copyright Act. The Copyright Act takes a peculiar position that's contrary to what many statutes provide or many statutes imply. And it says that the interests of the Copyright Act are preeminent and the interests of the parties litigating under the Act are subordinate. And that we're going to do what is in the best interests of protecting the policies and purposes of the Copyright Act regardless of the circumstances of the parties. And that's why I say we can come to the anomalous result that fees can be denied to a successful party and awarded against or in favor of a party against whom a judgment is being entered. So you can prevail even if you've lost and you're having a judgment entered against you if that is in the best interests and best serves the policies and purposes of the Act. Has it ever been your position in this litigation that the court's order denied costs entirely? The court's order did deny costs entirely. I believe. And if you look at the language of 505, it has the authority and discretion to do that. Any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party. Notwithstanding that, however, when we actually entered into an agreement with the other side to pay the judgment sum in taxable costs, we paid them taxable costs with interest on those costs and interest on the judgment sum. That's all been paid years ago. And that's the reason we argue that a reversal and a remand for trial is inappropriate for the supplemental authority we've cited. So there's a couple of points I'd like to touch on. I think in the circumstances for the court to make any ruling that would allow Hunt to recover fees in this case under the formal judgment entered would not only contravene the language of 505, but it would also contravene fly in the face of Fogarty, and it would place this court in a very awkward position of acting contrary to the language of Title 15 and the policies of the Copyright Act. The Copyright Act is very clear in this regard. Its language says, except as otherwise provided by this title, the court may in its discretion award fees as costs. Before you run out of time, what is your response to the contention that the construction of the building was a separate infringing act from the earlier preparation of the architectural plan? Yes, let me address that. When Pasternak moved to determine that statutory damages and fees could not be awarded in his motion for summary judgment, we moved for summary judgment as well. Included in our motion was exactly the same argument, both in the initial memorandum in support of the motion and in the reply. The argument is that it is the commencement of the first act of infringement that matters. Subsequent acts of infringement don't count in terms of getting the clock running. Hunt discovered there was an infringement when he went down and looked at the first act of infringement, and then filed suit and then sought his copyright registration. So the commencement act had clearly begun. The case law that we cited in our brief at page, I believe it's 23 or 24, as well as in the memoranda that we put before the court, which are found at 129 and the reply memorandum I don't have the cite for, basically stands for the proposition that the policy under the act is to look to the first act of infringement. That triggers everything. Any related infringement after that tunes on the first infringement. That's when you have to get your copyright registration. The policy of the act is get it early or suffer. And that's the argument. Now, what the judge did in ruling on this, he had our motion, which addressed the issue, as well as Pasternak's motion, which addressed the issue. He said plaintiff is precluded from recovering statutory damages or fees for the infringement alleged in his complaint. Defendant Pasternak's motion for partial summary judgment on that issue is therefore granted. He went on subsequently in his opinion to grant our motion, which addressed the same issue. So it's a nonissue. It goes back to when the first act of infringement related and all subsequent acts of infringement, which are related after that, cue on the first act of infringement. And the argument is you're supposed to get your registration early and fast. Not only did they not do that here, but they commenced this action without having their registration, which you're not allowed to do under, I think it's section 410 of the Copyright Act. But that was simply overlooked. So in these circumstances, I don't think there's any question in the case law that we've cited that that issue is controlling the court. Made the correct decision, understood the law as we cited it, and got a proper handle on it. The other thing I would note, Your Honors, is that in regard to the offer of judgment, we very closely tracked the language of the rule, which requires the judgment sum plus accrued costs. That's what you're supposed to put in an offer of judgment. And at the time, we provided a letter, a contemporaneous letter, saying that the court has basically already ruled on this issue. We know you're contesting it. We're going to ask the court to approve it. But the court had already addressed the issue and determined that fees could not be recovered in this action. But we also slipped in additional word. We didn't just say costs incurred to date. We said taxable costs incurred to date. And as far as we understood the matter, attorneys' fees are never taxable. If they are to be treated as a cost, they're certainly not a cost that's taxable. In that regard, it's also interesting to look at the Copyright Act. The Copyright Act does not treat fees and costs as identical. We've cited multiple sections of the Copyright Act where fees and costs are treated separately. Indeed, some courts view the discretion granted to them by 505, which says you may award attorneys' fees as costs, to mean that you don't have to. And many courts offer judgments and inter-opinions, awarding fees separate from costs. So your time has expired. We appreciate your argument. And you used all of your time, but we used some of it with questions. And if you'd like to have a minute or so, you may. MR. HUNT. A couple of points. He's completely wrong. The copyright registration date of Mr. Hunt's copyright is March of 1995. The suit was filed in June of 1995. That was the subject of two motions to dismiss, one by Defendant Pasternak, one by Defendant Everton Bishop, on which Mr. Hunt prevailed. They've never filed for summary judgment on attorney's fees. They keep saying that. But we recited the record in our brief on that issue. MR. NEGROPONTE. Do you agree that they have paid costs, that they paid the offer of judgment? MR. HUNT. Correct. And that's why I stand here and say the judge got it wrong, because the judge MR. NEGROPONTE. That's the point. In other words, you made the point specifically in the open argument that the judge did not award any costs. MR. HUNT. Correct.  MR. NEGROPONTE. They had already paid costs as embodied in the offer of judgment. MR. HUNT. No. What they did was they were concerned about how long it was going to be before the issue was resolved. The $65,000 was undisputed. The other taxable costs were undisputed. The only dispute is whether those costs include attorney's fees. They paid the undisputed portion of the judgment. MR. NEGROPONTE. Did they pay the costs? MR. HUNT. They paid the costs that they did not dispute. MR. NEGROPONTE. Right. So the only thing that was left over was attorney's fees. MR. HUNT. Correct, Your Honor. MR. NEGROPONTE. So what point was there in saying that the district court didn't award costs when it was not a dispute? MR. HUNT. Because he didn't. They paid those with the understanding that that's what they intended the offer of judgment to mean. MR. NEGROPONTE. In other words, the issue before the Court was whether you were entitled to attorney's fees. And what the district court said about accrued costs, the ones we're familiar with, filing fees, et cetera, has nothing to do with attorney's fees. Isn't that right? MR. HUNT. I'm not sure I understand, Your Honor.     I'm not sure I understand, Your Honor. They paid those costs to cut off the interest because that's what they understood the court said. I don't recall, I believe, and I'm … MS. KAYE. Your point is just the judge didn't understand the law. MR. HUNT. Correct. MS. KAYE. And that's evidence that … MR. HUNT. Correct. And the fact that they paid over and above what the judge awarded is evidence that the judge got it wrong. MS. KAYE.  You have exceeded your time. We appreciate the arguments of both parties. And the case just argued is submitted.  MR. NEGROPONTE. I agree with that. MS. KAYE. You're very welcome. The next case on the calendar is Court 7-3. This case is Community Bank v. Miller, which has been submitted on the briefs. And that brings us to oral argument in Sullivan v. Lake County.
judges: Hall, T.G. Nelson, Graber